[No. F008652. Fifth Dist., Mar 4, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH ARANT, Defendant and Appellant.

**COUNSEL**

Michael S. McCormick, under appointment by the Court of Appeal, and Joan Isserlis for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HAMLIN, Acting P. J.**—Defendant was convicted on his plea of nolo contendere to violation of Penal Code section 4573.6, possession of drug paraphernalia by a state prison inmate. The underlying facts are not in dispute: defendant was searched when he was transferred into the California Correctional Institution at Tehachapi from Folsom State Prison, and incident to the search defendant was X-rayed. The X-ray revealed a foreign object secreted in defendant's rectum which was found to consist of an altered hypodermic syringe in a plastic tubular container. Consistent with his plea bargain, defendant was sentenced to the lower term of 16 months, and the trial court ordered this term to run fully consecutive to the sentence defendant was serving at the time he committed the offense. ■ Defendant appeals, contending the trial court erred in believing it lacked discretion to order the new sentence be served concurrent with the term for which he was then incarcerated.

In advancing this argument, defendant candidly acknowledges that acceptance of his position would require this court to disapprove its holding in *People* v. *Lamont* (1986) 177 Cal.App.3d 577, 584 [223 Cal.Rptr. 52], i.e., "[Penal Code] section 1170.1, subdivision (c) does mandate a consecutive term for one or more 'in prison' offenses." Defendant has persuaded us to do so.

Penal Code section 1170.1, subdivision (c), provides: "(c) In the case of any person convicted of one or more felonies committed while the person is confined in a state prison, or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions which the person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a), except that the total of subordinate terms may exceed five years. The provisions of this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings."

■ In construing this statute, we are governed by "[t]he fundamental principle of statutory interpretation [which] is 'the ascertainment of legislative intent so that the purpose of the law may be effectuated. . . .' [Citation.] This principle requires us to determine the objective of the Legislature and to interpret the law so as to give effect to that objective even when such an interpretation appears to be at odds with conventional usage or the

literal construction of the statutory language. [Citations.]" (*Pollack* v. *Department of Motor Vehicles* (1985) 38 Cal.3d 367, 372 [211 Cal.Rptr. 748, 696 P.2d 141].) ■ However, we must also adhere to the equally well-settled principle of statutory interpretation that " '[W]hen language which is reasonably susceptible of two constructions . . . in a penal law[,] ordinarily that construction which is more favorable to the offender will be adopted. [¶] The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of the words or the construction of language used in a statute.' [Citations.]" (*People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].)

As defendant points out, section 1170.1, subdivision (c), was originally designated section 1170.1a, subdivision (b), and was enacted when the Legislature adopted the Uniform Determinate Sentencing Act by Statutes of 1976, chapter 1139. There is no difficulty in ascertaining the legislative intent behind the determinate sentencing law since it is unequivocally expressed in section 1170, subdivision (a)(1). There it is stated in part that "[t]he Legislature finds and declares that the purpose of imprisonment for crime is punishment." (See also *People* v. *McCart* (1982) 32 Cal.3d 338, 340 [185 Cal.Rptr. 284, 649 P.2d 926].) However, we are unable to conclude from the language of the statute as originally written that the Legislature intended to further this purpose, with respect to any single offense committed by a prisoner, by removing from the sentencing judge the discretion to impose a concurrent term.

■ As originally drafted, section 1170.1a, subdivision (b) provided: "(b) In the case of any person convicted of one felony which is committed while such person is confined in a state prison and the law either requires the sentences to be served consecutively or the judge imposes a consecutive sentence, the aggregate term of imprisonment for all convictions which such person is required to serve consecutively shall be the remainder of the term for which he was confined plus the term of imprisonment specified by the judge for the crime committed while confined in a state prison. If such person is convicted of more than one such felony in the same proceeding, and the law either requires each sentence to be served consecutively or the judge imposes a consecutive sentence, the aggregate term for all convictions which the person is required to serve consecutively shall be the remainder of the term for which he was confined plus the greatest term of imprisonment specified by the judge for any of such felonies and plus one-third of the middle term of imprisonment prescribed for each other such felony conviction. The provisions of this subdivision shall be applicable in cases of convictions of more than one offense in different proceedings, and convictions of more than one offense in the same or different proceedings." (Stats. 1976,

ch. 1139, § 273, pp. 5141-5142.) The original version of the statute clearly refers, in its first sentence, to a conviction of *one* felony while the defendant is confined in state prison. Since that same sentence also refers to sentences which are *either* required to be served consecutively or for which consecutive terms are imposed, discretion in the sentencing judge to impose a concurrent term for a single in-prison offense is implicit. Although this language was supplanted by amendment of section 1170.1a, subdivision (b), by Assembly Bill No. 476 (1977-1978 Reg. Sess.), Statutes 1977, chapter 165, section 17, and replaced with the version of the statute we construed in *People* v. *Lamont, supra,* the legislative history of the amendment to which defendant has directed our attention fails to establish a clear legislative intent to divest sentencing courts of the discretion which they implicitly retained under section 1170.1a, subdivision (b).

In light of the extensive legislative history of both the original version of the statute and its amendment, which was not presented to us at the time we decided *People* v. *Lamont, supra,* and of which we now take judicial notice at defendant's request, we find the letter from Senator John Nejedly to which we referred in *People* v. *Lamont* inadequate by itself to conclusively show a legislative intent to mandate a consecutive term for even a single in-prison offense. Because this letter does cast "some light on the shrouded legislative history" of the statute (*In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 590 [128 Cal.Rptr. 427, 546 P.2d 1371]), it is appropriate that we consider it. We must, however, also consider that in responding to the concerns expressed by Judge Longinotti, Senator Nejedly necessarily expressed his own understanding of the bill he had authored, and to this extent the letter is not determinative of the legislative intent, as opposed to the intent of a single legislator. (See e.g., this court's opinion in *California Teachers Assn.* v. *Governing Board* (1983) 144 Cal.App.3d 27, 35 [192 Cal.Rptr. 358].) Absent corroborating indicia in the remainder of the legislative history, Senator Nejedly's letter does not clarify the ambiguity which arises when section 1170.1, subdivision (c), is read in conjunction with its precursor, section 1170.1a, subdivision (b).

We must therefore conclude we erred in rejecting the defendant's claim in *People* v. *Lamont, supra,* that section 1170.1, subdivision (c) was ambiguous, entitling him, under well-established principles of statutory construction, to a favorable interpretation of the statute. We thus disapprove *People* v. *Lamont,* noting, of course, that the Legislature is free to clear up the ambiguity in section 1170.1, subdivision (c), if it is in fact the legislative intent that even a single in-prison felony offense, for which a consecutive sentence is not statutorily mandated (see, e.g., § 4500 et seq.), nevertheless result in a term to be served consecutive to that which the defendant is serving when the offense occurs.

The judgment of conviction in the instant case is affirmed. Since we cannot conclude from the record that the trial court understood it had the discretion to impose a concurrent term if it elected to do so, the cause is remanded for resentencing.

Best, J., and Thaxter, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.