Filed 5/6/14  P. v. Rodriguez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

RAUL LOREDO RODRIGUEZ,

     Defendant and Appellant.

E058192

(Super.Ct.No. BLF1100202)

OPINION

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge. Affirmed in part; reversed and remanded in part.

Esther K. Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

1

The People alleged that on February 22, 2011, defendant Raul Loredo Rodriguez possessed marijuana while he was incarcerated in Ironwood State Prison, in violation of Penal Code[1] section 4573.6, subdivision (a), and alleged defendant suffered a prior serious and violent felony conviction for second degree murder (§ 187, subd. (a)), within the meaning of section 667, subdivisions (c) and (e)(1), and section 1170.12, subdivision (c)(1). Defendant waived his right to a trial on the prior conviction allegation and admitted it, and a jury convicted defendant on the sole count of possessing marijuana in prison. The trial court sentenced defendant to the middle term of three years, doubled pursuant to the two strikes law, for a total sentence of six years in state prison to be served consecutively to the term of imprisonment he was already serving. The court also ordered defendant to pay a restitution fine in the amount of $246, and ordered him to pay a parole revocation restitution fine in the amount of $246, but stayed the latter unless and until defendant was paroled and suffered a parole violation.

On appeal, defendant contends the trial court erred by not exercising its discretion to sentence him to a prison term concurrent to the prison term he was already serving. He also contends the trial court's orders that he pay a $246 restitution fine and pay a $246 parole revocation restitution fine violate the ex post facto clauses of the federal and state Constitutions because at the time of his offense the minimum he could be ordered to pay was $200 for each, and he believes the trial judge chose a larger figure based on a later amendment to section 1202.4.

_____

[1] All further undesignated statutory references are to the Penal Code.

2

We conclude the trial court had no discretion to sentence defendant to a concurrent term for his in-prison sentence, so it properly sentenced defendant to serve his new sentence fully consecutively to his existing prison sentence. We also conclude the restitution and parole revocation restitution fines imposed on defendant did not violate the ex post facto clauses. However, because the trial court did not exercise its discretion when imposing fines in excess of the applicable statutory minimum, we reverse the fines and remand for the trial court to properly exercise its discretion to determine the appropriate amount of the fines.

I.

PROCEDURAL BACKGROUND[2]

At defendant's sentencing on March 1, 2013, the trial court queried whether defendant's sentence for possessing marijuana in prison had to be imposed consecutively to the prison term defendant was already serving. "Is this—are you certain—I know possession of a weapon is mandatory consec[utive]. This is not mandatory consec[utive] is it?" The prosecutor responded the sentence had to be served consecutively "because it is a crime committed in prison, I believe under [section] 1170.1," and defendant's attorney agreed "because it's in prison it must run consecutive." In response, the trial judge stated he thought a sentence for in-prison possession of a weapon had to be served consecutively, but "the other was discretionary."

---

[2] The facts of defendant's offense are not relevant to the issues on appeal, so we will not discuss them.

After reviewing the operative language of section 1170.1, subdivision (c), and hearing argument from counsel on the appropriate term of years, the trial judge denied probation to defendant and sentenced him to the middle term of three years, doubled pursuant to the two strikes law, for a total term of six years in state prison. The judge appears to have believed he had some discretion to impose a concurrent term, but stated, "I choose to run that consecutively to the sentence that he's currently serving."

Finally, without any discussion or objection by either party, the trial judge followed what it mistook to be the recommendation of the probation department and ordered defendant to pay a restitution fine in the amount of $246 and a parole revocation restitution fine in the amount of $246, but stayed the latter unless and until defendant was paroled and violated the terms of parole. In actuality, the probation department recommended the court impose a restitution fine of $240 and a parole revocation restitution fine of $240.

## II.

## DISCUSSION

A. *The Trial Court Had No Discretion to Sentence Defendant to a Concurrent Term*

Defendant contends the trial court had discretion to order his sentence for possessing marijuana to run concurrently to the prison term he was already serving, and because the trial court appears to have not recognized he had such discretion, we should reverse the sentence and remand for resentencing. The People argue defendant forfeited this assertion by not objecting at the sentencing hearing. In the alternative, the People

4

contend the trial judge did recognize he had discretion to impose a concurrent sentence, but properly exercised his discretion to impose a consecutive sentence instead. Although the People are correct defendant arguably forfeited this argument by not raising it at sentencing (indeed, defense counsel expressly told the trial judge the sentence had to be consecutive), on the merits we find no error.

The two strikes law, under which defendant was sentenced, provides: "Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law." (§ 667, subd. (c)(8).) As it read on the day of defendant's sentencing, section 1170.1, subdivision (c), provided in relevant part: "In the case of any person convicted of one or more felonies committed while the person is confined in a state prison . . . and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison." (Stats. 2011, ch. 361, § 8.7.)

Defendant relies on the decision of the Fifth Appellate District in *People v. Arant* (1988) 199 Cal.App.3d 294 (*Arant*) in support of his argument the trial judge had discretion to impose a concurrent sentence. The defendant in *Arant* pleaded no contest to a charge of possessing drug paraphernalia in prison, in violation of section 4573.6. (*Id.* at p. 296.) The trial court concluded it had no choice but to sentence the defendant to a term to be served consecutively to his existing prison term, and so sentenced the defendant. (*Ibid.*) On appeal, the reviewing court concluded the language of section 1170.1,

5

subdivision (c), is ambiguous with respect to a sentencing court's discretion to impose a sentence to run concurrently to the sentence the prisoner was already serving, and construed the statute in favor of such discretion. (*Id*. at pp. 297-298.) In so doing, the court disapproved of its prior decision in *People v. Lamont* (1986) 177 Cal.App.3d 577, in which the court had previously held a sentencing court had no discretion under section 1170.1, subdivision (c), to impose a concurrent sentence for in-prison crimes. (*Arant*, at p. 298.)

Notwithstanding the People's concession in this case, we decline to follow *Arant* and conclude the trial court had no discretion to impose a concurrent sentence. "The determinate sentencing law treats in-prison offenses differently than out-of-prison offenses. (*People v. McCart* (1982) 32 Cal.3d 338, 340 . . . .) The difference is simple and understandable. The Legislature wanted in-prison crimes to be punished more severely than crimes committed 'on the outside.' (*Ibid*.)" (*People v. White* (1988) 202 Cal.App.3d 862, 869 (*White*).)

"Section 1170.1[, subdivision] (c) applies to felonies committed when the defendant is confined in a state prison. The statutory scheme makes clear that such felonies, i.e., those felonies committed in prison, are exempt from the general sentencing scheme. [Citation.] A sentence under subdivision (c) is longer than a sentence imposed under subdivision (a) because the in-prison offenses are fully consecutive to the sentence for the offense for which the defendant was in prison. Using sentencing jargon 'the in-prison offense is treated as a new principal term rather than as a subordinate term to the out-of-prison offense.' [Citations.]" (*White*, *supra*, 202 Cal.App.3d at pp. 869-870;

6

see also *In re Tate* (2006) 135 Cal.App.4th 756, 764-765; *People v. Cardenas* (1987) 192 Cal.App.3d 51, 58; see generally *People v Langston* (2004) 33 Cal.4th 1237, 1242-1244.)

Because the trial judge had no discretion to sentence defendant to a concurrent term for his in-prison possession conviction, he properly sentenced defendant to a term to be served fully consecutively to the sentence defendant was already serving.

B. *The Restitution and Parole Revocation Restitution Fines Imposed on Defendant Do Not Violate the Ex Post Facto Clauses of the Federal or State Constitutions, but the Fines Are Reversed for the Trial Court to Properly Exercise Its Discretion*

Defendant contends the restitution and parole revocation restitution fines imposed on him violate the ex post facto clauses of the federal and state Constitutions because they reflect the minimum fine available under an amendment to section 1202.4 in effect at the time of his conviction, rather than the minimum fine in effect at the time of his offense. Again, the People are correct that arguably defendant forfeited this challenge by not objecting to these fines at sentencing. Nonetheless, we exercise our discretion to address the merits of defendant's constitutional claim and reject it. However, because the trial court did not appear to exercise its discretion when imposing a fine above the applicable statutory minimum, we reverse the fines and remand for the trial court to properly exercise its discretion.

"The United States Constitution states: 'No state shall . . . pass any . . . ex post facto law . . . .' (U.S. Const., art. I, § 10, cl. 1.) The California Constitution also provides that an 'ex post facto law . . . may not be passed.' (Cal. Const., art. I, § 9.) Our

7

California provision provides the same protections and is analyzed in the same manner as the federal provision. [Citation.]" (*In re Vicks* (2013) 56 Cal.4th 274, 287.) "The purpose of the ex post facto doctrine is to ensure fair notice of the conduct that constitutes a crime and of the punishment that may be imposed for a crime. [Citation.] Therefore, it is 'aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." [Citations.]' [Citation.]" (*Ibid*., fn. omitted.)

"It is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions. [Citations.]" (*People v. Souza* (2012) 54 Cal.4th 90, 143 (*Souza*); see also *People v. Isaac* (2014) 224 Cal.App.4th 143, 147 [ex post facto doctrine applies to parole revocation restitution fines].) To determine whether a restitution fine violates the ex post facto clause, the reviewing court looks to the statute in effect at the time of the defendant's offense. (*Souza*, at p. 143.)

At the time of defendant's February 22, 2011 offense, former section 1202.4, subdivision (b)(1), required the sentencing court to order every person convicted of a felony to pay a restitution fine of at least $200, and no more than $10,000. (Stats. 2010, ch. 351, § 9.) The sentencing court had discretion to set the amount of the restitution fine at $200 per year of imprisonment the defendant was ordered to serve. (Former § 1202.4, subd. (b)(1).) When deciding whether to set the restitution fine above the minimum of $200, the sentencing court was required to consider a variety of factors, including but not limited to the defendant's inability to pay. (Former § 1202.4, subd. (d).) By the time of defendant's December 12, 2012 conviction, the minimum restitution fine had increased to

$240, and by the time of defendant's March 1, 2013 sentencing the minimum rose again to $280. (§ 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 358, § 1.) And at all relevant times, former section 1202.45 provided every person convicted of a felony whose sentence contained a period of parole had to pay a parole revocation restitution fine in the same amount as the restitution fine imposed under former section 1202.4, subdivision (b). (Stats. 2007, ch. 302, § 15.)

Because defendant had "fair notice" he could be ordered to pay a restitution fine and parole revocation restitution fine of as little as $200 or as much as $10,000, based on the statute applicable at the time of his offense, an order that he pay $246 is simply not a violation of the federal and state ex post facto clauses. (*In re Vicks*, *supra*, 56 Cal.4th at p. 287.)

However, we agree with defendant that the trial judge did not appear to exercise discretion when he ordered defendant to pay an amount over the existing minimum fine. As noted *ante*, the probation department recommended the trial court impose a restitution fine of $240 and a parole revocation restitution fine of $240. These recommended fines correspond to the minimum fine in effect at the time of defendant's conviction. At the sentencing hearing, the trial judge stated, "Restitution recommended by the probation officer is $246. [¶] And a parole revocation restitution [fine] will be in the same amount, $246, but that's stayed unless and until he's released on parole or suffers a violation." Although a sentencing court has discretion to impose restitution and parole revocation restitution fines above the statutory minimum, and it need not make express findings in support of the amount of the fine (§ 1202.4, subd. (d); *People v. Dickerson* (2004) 122

Cal.App.4th 1374, 1379-1378), the record must demonstrate the sentencing court did, in fact, exercise its discretion. Because the record reflects the sentencing judge merely intended to follow the probation department's recommended fines, and did not exercise reasoned judgment when imposing restitution fines above the applicable statutory minimum, we reverse the fines and remand for the trial court to properly exercise its discretion to determine an appropriate amount of fines.

III.

DISPOSITION

The restitution and parole revocation restitution fines are reversed, and on remand the sentencing court shall exercise its discretion to determine whether to impose the minimum $200 fines in effect at the time of defendant's offense, or whether to impose a greater amount, after considering the factors set forth in former section 1202.4, subdivision (d). In all other respects the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


RAMIREZ
P. J.


KING
J.

10