[No. B124318. Second Dist., Div. Three. Aug. 24, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
RICARDO FRANCISCO SAINZ, JR., Defendant and Appellant.

COUNSEL

Seymour I. Amster for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, William T. Harter and Ellen Birnbaum Kehr, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KITCHING, J.—Ricardo Francisco Sainz, Jr., appeals from a judgment entered following his plea of guilty to driving with a blood-alcohol level of .08 or more and causing bodily injury to another person (Veh. Code, § 23153, subd. (b)), during the commission of which felony he personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)). The trial court sentenced Sainz to three years in prison pursuant to Vehicle Code section 23180,[1] and also imposed and stayed a three-year Penal Code section 12022.7 great bodily injury enhancement.

In this appeal we consider whether the trial court properly imposed the Penal Code section 12022.7 great bodily injury enhancement with regard to Sainz's conviction for violating Vehicle Code section 23153. Because the Legislature intended to give Penal Code section 12022.7 broad application, we conclude that the trial court properly imposed this enhancement. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

At approximately 2:00 a.m. on December 20, 1996, Sainz was driving westbound on the 10 Freeway toward the 210 Freeway intersection. Sainz had a blood-alcohol level of .17. After rapidly changing lanes in an attempt to drive onto the transition road to the 210, Sainz hit an abandoned vehicle parked on a triangular shoulder separating the 10 and the 210 Freeways. The

---

[1]Vehicle Code section 23180 reads in relevant part: "If any person is convicted of a first violation of Section 23153, that person shall be punished by imprisonment in the state prison, or in the county jail for not less than 90 days . . . ."

impact caused the abandoned car to crash into California Highway Patrol Officer Steven Yoast, who was standing immediately behind it. Yoast was thrown 130 feet and landed in a lane on the transition road. He suffered multiple injuries, including a ruptured spleen and fractures to his leg, pelvis, collarbone, tailbone, and ribs.

 ██ ██ Sainz pleaded guilty to one count of driving with a blood-alcohol level of .08 or more and causing bodily injury in violation of Vehicle Code section 23153, subdivision (b).[2] Sainz admitted he personally inflicted great bodily injury on Officer Yoast "pursuant to Penal Code Section 12022.7."

At sentencing, the trial court imposed the upper term of three years in prison for Sainz's conviction of driving with a blood-alcohol level of .08 or higher and causing bodily injury. The trial court denied Sainz's motion to strike the Penal Code section 12022.7 great bodily injury enhancement, imposed a three-year enhancement, but then stayed the enhancement. The finding that Sainz inflicted great bodily injury pursuant to Penal Code section 12022.7 limited his precommitment worktime credits to 15 percent. (Pen. Code, §§ 667.5, subd. (c)(8), 2933.1, subd. (a).)

## CONTENTION

 Sainz contends the trial court erred in imposing a Penal Code section 12022.7 great bodily injury enhancement for his conviction of Vehicle Code section 23153. He asserts that when someone causes injury while driving under the influence in violation of the Vehicle Code (DUI), that person may be sentenced only under Vehicle Code section 23180 or 23190. He particularly relies on section 23190 as the only Vehicle Code section that addresses defendants who cause great bodily injury while driving under the influence. Sainz asserts that Vehicle Code sections 23180 and 23190 establish a specific and exclusive sentencing scheme which precludes imposition of an enhancement under the more general provisions of Penal

---

[2]Vehicle Code section 23153 provides in relevant part: "(a) It is unlawful for any person, while under the influence of any alcoholic beverage or drug . . . to drive a vehicle and concurrently do any act forbidden by law or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver. [¶] (b) It is unlawful for any person, while having 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and concurrently do any act forbidden by law or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver." Both subdivisions (a) and (b) of section 23153 include the element of "caus[ing] bodily injury to another person." However, the "bodily injury" caused need not be "great" or "substantial" as required by Penal Code section 12022.7. (*People* v. *Dakin* 1988) 200 Cal.App.3d 1026, 1034-1036 [248 Cal.Rptr. 206].)

Code section 12022.7. He argues any other interpretation of these statutes and their relationship to each other leads to incongruous results: A defendant with no prior convictions for driving under the influence or reckless driving[3] would be sentenced to a greater prison term than a defendant with two or more prior convictions who drives under the influence and causes great bodily injury.

## DISCUSSION

### 1. *The Special Over the General Rule of Statutory Construction Does Not Apply in This Case.*

Our Supreme Court has explained that "[t]he doctrine that a specific statute precludes any prosecution under a general statute is a rule designed to ascertain and carry out legislative intent. The fact that the Legislature has enacted a specific statute covering much the same ground as a more general law is a powerful indication that the Legislature intended the specific provision alone to apply." (*People* v. *Jenkins* (1980) 28 Cal.3d 494, 505 [170 Cal.Rptr. 1, 620 P.2d 587], fn. omitted.) The " 'special over the general' " rule of statutory construction applies when " 'each element of the "general" statute corresponds to an element on the face of the "specific" [*sic*] statute' or 'it appears from the entire context that a violation of the "special" statute will necessarily or commonly result in a violation of the "general" statute.' " (*People* v. *Coronado* (1995) 12 Cal.4th 145, 153-154 [48 Cal.Rptr.2d 77, 906 P.2d 1232].) "The 'special over the general' rule, which generally applies where two *substantive* offenses compete, has also been applied in the context of enhancement statutes." (*Id.* at. p. 153, original italics.)

In the present case, Sainz argues that subdivision (b) of Vehicle Code section 23190 is a "special" statute. That section provides that when a defendant, who within the previous four years has suffered two or more convictions for DUI or reckless driving, unlawfully drives while under the influence of alcohol or drugs and "proximately causes great bodily injury, as defined in [Penal Code section] 12022.7," that defendant shall be sentenced to two, three or four years in prison. Subdivision (c) of section 23190 provides for an additional term of three years if the defendant causes great bodily injury under the terms of subdivision (b) and has suffered four or

---

[3]All references to "reckless driving" are to the offense as described in Vehicle Code section 23103.5.

more convictions for driving under the influence or reckless driving within the previous seven years.[4]

Sainz asserts Penal Code section 12022.7 is the "general statute." Subdivision (a) of that section provides: "Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of three years, unless infliction of great bodily injury is an element of the offense of which he or she is convicted."[5]

Comparison of the two statutes shows that the elements of Penal Code section 12022.7 do not perfectly mirror the elements on the face of Vehicle Code section 23190, subdivision (b). While Penal Code section 12022.7 requires the *personal infliction* of great bodily injury, subdivision (b) of Vehicle Code section 23190 requires that the defendant *proximately cause* great bodily injury. Penal Code section 12022.7 refers to infliction of great bodily injury on *any person other than an accomplice*, while Vehicle Code section 23190, subdivision (b) refers to infliction of great bodily injury on *anyone other than the driver*. Although Penal Code section 12022.7 refers to

---

[4]Vehicle Code section 23190 provides in relevant part: "(a) If any person is convicted of a violation of Section 23153 and the offense occurred within seven years of two or more separate violations of Section 23103, as specified in Section 23103.5, or Section 23152 or 23153, or any combination of these violations, which resulted in convictions, that person shall be punished by imprisonment in the state prison for a term of two, three, or four years and by a fine . . . . [¶] (b) If any person is convicted of a violation of Section 23153, and the act or neglect proximately causes great bodily injury, as defined in Section 12022.7 of the Penal Code, to any person other than the driver, and the offense occurred within seven years of two or more separate violations of Section 23103, as specified in Section 23103.5, or Section 23152 or 23153, or any combination of these violations, which resulted in convictions, that person shall be punished by imprisonment in the state prison for a term of two, three, or four years and by a fine of not less than one thousand fifteen dollars ($1,015) nor more than five thousand dollars ($5,000). . . . [¶] (c) If any person is convicted under subdivision (b), and the offense for which the person is convicted occurred within seven years of four or more separate violations of Section 23103, as specified in Section 23103.5, or Section 23152 or 23153, or any combination of these violations, that resulted in convictions, that person shall, in addition and consecutive to the sentences imposed under subdivision (b), be punished by an additional term of imprisonment in the state prison for three years. [¶] The enhancement allegation provided in this subdivision shall be pleaded and proved as provided by law."

[5]Penal Code section 12022.7 provides in pertinent part: "(a) Any person who personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of three years, unless infliction of great bodily injury is an element of the offense of which he or she is convicted. [¶] . . . [¶] (e) As used in this section, 'great bodily injury' means a significant or substantial physical injury. [¶] (f) This section shall not apply to murder or manslaughter or a violation of [Penal Code] Section 451 or 452."

infliction of great bodily injury during the commission or attempted commission of a *felony*, Vehicle Code section 23190, subdivision (b) applies to a person convicted for driving under the influence, in violation of Vehicle Code section 23153, *who had previous convictions* for driving recklessly or under the influence.

Despite these statutory differences, it could be argued that application of Vehicle Code section 23190 " 'necessarily or commonly' " results in the application of Penal Code section 12022.7. (See *People* v. *Coronado*, *supra*, 12 Cal.4th at p. 154.) In most instances, when a defendant driving under the influence of alcohol or drugs causes great bodily injury, he or she will "personally inflict[]" it. In most instances, causing great bodily injury to "any person other than the driver" will also be inflicting great bodily injury on "any person other than an accomplice." In virtually all instances, someone who causes great bodily injury while driving under the influence after previous reckless driving or DUI convictions will also have inflicted great bodily injury during the commission of a felony. However, legislative intent may indicate a general statute will apply despite the existence of a specific statute. We believe this exception governs in this case.

█ In *People* v. *Jenkins*, *supra*, 28 Cal.3d at page 502, the court recognized that although a special statute will preempt or be considered an exception to a general statute when "each element of the 'general' statute corresponds to an element on the face of the [special or] 'specific' statute[,] . . . the converse does not necessarily follow. It is not correct to assume that the rule is inapplicable whenever the general statute contains an element not found within the four corners of the 'special' law. Rather, the courts must consider the context in which the statutes are placed. If it appears from the entire context that a violation of the 'special' statute will necessarily or commonly result in a violation of the 'general' statute, the [preemption or exception] rule may apply even though the elements of the general statute are not mirrored on the face of the special statute." (*Id.*, italics omitted.) The *Jenkins* court then took the analysis one step further by considering strong evidence of legislative intent. Although it appeared "there [were] no situations in which an individual [could] violate [the special statute] without also committing [the general crime]" (*id.* at p. 505), there existed "what [could] only be characterized as overwhelming indications of a contrary legislative intent." (*Id.* at p. 506.) *Jenkins* stated: "In [that] limited situation, the usually decisive rule that a specific statute precludes prosecution under a general statute cannot apply." (*Ibid.*)

█ Even aside from whether the "special over the general" rule of statutory construction should apply, this appeal presents what can only be

characterized as compelling indications of a contrary legislative intent. The Legislature clearly intended Penal Code section 12022.7 to have broad application. Until 1996, that statute was rarely applicable when Vehicle Code section 23190 applied. Before 1996, Penal Code section 12022.7 required that the defendant personally inflict great bodily injury "with the intent to inflict the injury." In comments to the Assembly bill proposing to modify the statute by eliminating the specific intent requirement, one commentator stated that specific intent was "nearly impossible to prove." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 928 (1995-1996 Reg. Sess.) Apr. 18, 1995, p. 3.) The comments further indicate that the Legislature intended the repeal of the specific intent requirement to "eliminate[] a loophole that prevented prosecution of individuals who injured others during the commission of a felony, but stated that they had not intended harm." (Assem. Com. on Appropriations, Analysis of Assem. Bill No. 928 (1995-1996 Reg. Sess.) May 10, 1995, p. 2.) Finally, one commentator stated, "Victims seldom understand how a defendant could go unpunished for inflicting GBI [great bodily injury] upon their victim under circumstances where the potential for GBI was so apparent by the nature of the criminal act. When a defendant take[s] the witness stand and says that he only wanted to cause a bruise on his victim with [a] baseball bat, he is likely to go unpunished for breaking the victim's bones. [¶] The law should hold a defendant criminally liable for the damages caused by their criminal acts. This law would accomplish just that." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 928, *supra*, p. 3.)

It is also clear that the Legislature intended to limit exceptions to Penal Code section 12022.7. Subdivision (f) of that statute provides: "This section shall *not* apply to murder or manslaughter or a violation of [Penal Code] Section 451 or 452." (Italics added.)[6] This specific " '. . . legislative inclusion of the four crimes as exceptions necessarily excludes any other exceptions.' " (*People* v. *Lewis* (1993) 21 Cal.App.4th 243, 247 [25 Cal.Rptr.2d 827].) We note that these exceptions resulted from several legislative changes to the statute. In its 1977 amended form, section 12022.7 precluded application of a great bodily injury enhancement with regard to convictions of murder, manslaughter and assault with a deadly weapon or by means of force likely to produce great bodily injury. In 1978, the Legislature deleted assault and, in 1979, added arson and unlawfully causing a fire to the list of exceptions. Although the Legislature has amended other parts of the statute since 1979, it has not expanded the list of crimes for which enhancements may not be imposed. (5) " '[F]ailure to make changes in a given statute in a particular respect when the subject is before the Legislature, and changes are made in other respects, is indicative of an intention to leave the law unchanged in that respect.' " (21 Cal.App.4th at p. 248.)

---

[6]Penal Code sections 451 and 452 pertain to arson and unlawfully causing a fire.

■ " 'The fundamental rule [of statutory interpretation] is that a court should ascertain the intent of the Legislature so as to effectuate the law's purpose, and in determining intent the court [must] first turn[] to the words used. [Citation.] [¶] When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. [Citations.]' . . . 'In the absence of statutory ambiguity or other constitutional infirmity, we cannot disregard the plain language of [the] statute[].' " (*People* v. *Lewis*, *supra*, 21 Cal.App.4th at p. 247.)

■ A plain reading of Penal Code section 12022.7 indicates the Legislature intended it to be applied broadly. The statute itself clearly states the only exceptions of its application. Accordingly, we conclude that Vehicle Code section 23190, subdivisions (b) and (c) do not preclude a Penal Code section 12022.7 enhancement.

### 2. Applying a Penal Code Section 12022.7 Enhancement to Sainz's Conviction for Violating Vehicle Code Section 23153 Does Not Lead to Unfair or Incongruous Results.

Sainz argues applying Penal Code section 12022.7 leads to unfair and incongruous results. In particular Sainz relies on Vehicle Code section 23217, which indicates that, in enacting the statutory scheme, the Legislature intended "to punish the [DUI] offender with progressively greater severity if the offense is repeated one or more times within a seven-year period." Sainz, a first time offender, was sentenced to the upper term of three years in prison for driving with a blood-alcohol level of .08 or higher and causing bodily injury. (See Veh. Code, § 23180.) If the trial court had not stayed it, imposition of the Penal Code section 12022.7 enhancement would have added three more years to his sentence, for a total term of six years. In addition, because Sainz was found to have inflicted great bodily injury pursuant to Penal Code section 12022.7, the trial court was required to limit his precommitment worktime credits to 15 percent. (Pen. Code, §§ 667.5, subd. (c)(8), 2933.1, subd. (a).) Sainz argues a defendant who has suffered two prior convictions for driving under the influence of alcohol or drugs and who then commits a third offense which causes a victim to suffer great bodily injury may be sentenced to a maximum term of only four years under the provisions of Vehicle Code section 23190, subdivision (b). The second defendant would also receive full worktime credits. This result, Sainz concludes, violates the policy of Vehicle Code section 23217 because it punishes the first time offender more severely than a repeat offender.

■ In making this argument, Sainz again minimizes the broad scope of Penal Code section 12022.7. That statute applies to repeat offenders, not just

to first offenders. As we stated above, the enhancement may be imposed with regard to virtually any felony not specifically listed as an exception. (See *People* v. *Lewis, supra,* 21 Cal.App.4th at p. 247.) ▅▅ A defendant convicted twice within the previous seven years and found guilty of driving under the influence of alcohol or drugs and causing bodily injury in violation of Vehicle Code section 23153, and who is further found to have caused great bodily injury within the meaning of Vehicle Code section 23190, will be sentenced to two, three or four years in prison pursuant to Vehicle Code section 23190, subdivision (b). In addition, if that defendant is found to have "inflicted great bodily injury" within the provisions of Penal Code section 12022.7, an enhancement pursuant to that section may be imposed. If a Penal Code section 12022.7, subdivision (a) enhancement is imposed, the defendant could be sentenced to a maximum term of seven years in prison.

Similarly, a defendant with four or more prior convictions who is sentenced to an additional three years under subdivision (c) of Vehicle Code section 23190, may also receive a three-year Penal Code section 12022.7, subdivision (a) enhancement if such an enhancement has been pled and proved. That defendant would face a sentence of up to 10 years in prison.

Any other interpretation of the relationship between Penal Code section 12022.7 and Vehicle Code section 23190 leads to results both unjust and contrary to the Legislature's intent. Sainz correctly points out that in enacting the statutory scheme, the Legislature intended to punish recidivism. Pursuant to subdivision (a) of Vehicle Code section 23190, when a person is convicted of driving under the influence of alcohol or drugs, "and the offense occur[s] within seven years of two or more separate [DUI or reckless driving] violations . . . , that person shall be punished by imprisonment . . . for a term of *two, three* or *four* years." (Italics added.) Subdivision (b), which applies when a person is convicted of driving under the influence of alcohol or drugs and the act "cause[d] great bodily injury" and "occurred within seven years of *two* or more [DUI or reckless driving] violations," also punishes the offender by "a term of *two, three* or *four* years" in prison. (Italics added.) Subdivision (c) provides for an additional three-year term when a defendant has been "convicted under subdivision (b)," and the offense occurred "within seven years of *four* or more separate [DUI or reckless driving] violations." (Italics added.) Although causing great bodily injury is one element of Vehicle Code section 23190 subdivision (b), it is not the element for which punishment is increased; subdivision (a), which has no great bodily injury requirement, provides for a sentence identical to that imposed in subdivision (b). Subdivision (c), which provides for an enhancement with regard to subdivision (b), does so primarily because the defendant has suffered more prior DUI or reckless driving convictions. Since Vehicle

Code section 23190 does not impose punishment because a defendant inflicted great bodily injury, imposition of a Penal Code section 12022.7 enhancement when such an injury is inflicted is appropriate.

Finally, if Penal Code section 12022.7 were not applied to violations of Vehicle Code section 23153, first time offenders such as Sainz could inflict great bodily injury such as that inflicted on Officer Yoast with no consequences.[7] Even Vehicle Code section 23190, some subdivisions of which contain as an element the causing of great bodily injury, does not apply until a defendant has suffered two or more prior convictions. We do not believe the Legislature intended a defendant who inflicts great bodily injury while driving under the influence of alcohol or drugs to face no additional consequences for that culpable conduct.[8]

We conclude that under the circumstances of this case, the trial court correctly enhanced Sainz's sentence pursuant to Penal Code section 12022.7, and affirm the judgment.

## DISPOSITION

The judgment is affirmed.

Croskey, Acting P. J., and Aldrich, J., concurred.

A petition for a rehearing was denied September 21, 1999, and appellant's petition for review by the Supreme Court was denied November 23, 1999. Mosk, J., was of the opinion that the petition should be granted.

---

[7]We recognize that a defendant who drives under the influence of alcohol or drugs and "proximately causes bodily injury" pursuant to Vehicle Code section 23153 may be sentenced to a greater term than one who does not cause injury. A defendant found to have violated Vehicle Code section 23153 may be sentenced to state prison or county jail. (Veh. Code, § 23180.) A defendant found to have violated Vehicle Code section 23152, which prohibits driving under the influence of alcohol or drugs but has no bodily injury element, may only be sentenced to county jail. (Veh. Code, § 23160.) However, although Vehicle Code section 23153 addresses the fact that one who inflicts even minor bodily injury is more culpable than one who does not, it imposes no additional or different sanction on defendants who inflict great or substantial bodily injury.

[8]In view of our conclusion a Penal Code section 12022.7 enhancement may be imposed regardless of whether a defendant has suffered several or no prior DUI or reckless driving convictions, we need not consider Sainz's contentions that imposition of the enhancement with regard to him, a defendant who had suffered no prior convictions, violates the state's police powers and denies him equal protection and due process of law.