[No. B131007. Second Dist., Div. Five. July 26, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
LIDERATO C. BELTRAN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1., 2., and 4. of Discussion.

## COUNSEL

David McNeil Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan Martynec and Rori M. Ridley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GODOY PEREZ, J.**—Liderato C. Beltran appeals from the judgment entered after a jury convicted him of felony evasion of a pursuing peace officer (Veh. Code, § 2800.3) and vehicular manslaughter. (Pen. Code, § 192, subd. (c)(1).) For the reasons set forth below, we reverse the judgment to the extent it imposed great bodily injury enhancements (Pen. Code, § 12022.7) and limited Beltran's presentence custody credits under Penal Code section 2933.1 and remand for resentencing. In all other respects, the judgment is affirmed.

### FACTS AND PROCEDURAL HISTORY[1]

Around 8:30 a.m. on September 29, 1997, two Los Angeles police officers tried to conduct a traffic stop on a car which they noticed had no rear license

---

[1] In accord with the usual rules on appeal, we state the facts in the manner most favorable to the judgment. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].) Since the facts of this case do not affect the issues on appeal, we state them in brief.

plate. The car, driven by defendant and appellant Liderato C. Beltran, did not stop. Instead, after tossing a plastic bag filled with a white powder from the window, Beltran drove through numerous stop signs. He eventually collided with a car driven by 75-year-old Dong Park. Dong Park's wife, Jong Hee Park, age 76, was in the front passenger seat. Jong Hee Park was bleeding profusely from several facial cuts. Dong Park was unconscious. He died a month later from injuries sustained in the collision.

Beltran was charged with three counts: (1) evasion of a pursuing peace officer which caused serious injuries to others (Veh. Code, § 2800.3); (2) possession for sale of cocaine base (Health & Saf. Code, § 11351.5); and (3) vehicular manslaughter. (Pen. Code, § 192, subd. (c)(1).) As to counts 1 and 2, the information alleged that Beltran had two qualifying prior convictions under the "Three Strikes" law. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) As to count 1, it was also alleged that Beltran inflicted great bodily injury on persons aged 70 or more for purposes of the five-year enhancement provided by Penal Code section 12022.7, subdivision (c), and that his offense was a serious and violent felony under Penal Code sections 667.5, subdivision (c)(8) and 1192.7, subdivision (c)(8).

In February 1999 the jury convicted Beltran of counts 1 and 3, finding true the great bodily injury enhancement allegations and the prior convictions. The jury deadlocked on count 2, a mistrial was declared and the cocaine possession charge was dismissed on the prosecution's motion. Beltran was given a sentence of 35 years to life, as follows: a 25-year-to-life term under the Three Strikes law, plus 10 years for the two Penal Code section 12022.7 enhancements. A concurrent term of 25 years to life was imposed for count 3. Restitution and parole revocation fines of $200 were also imposed. (Pen. Code, §§ 1202.4, 1202.45.)

Beltran raises four issues on appeal: (1) the CALJIC No. 2.90 reasonable doubt instruction was constitutionally infirm; (2) the court erred by instructing the jury with CALJIC No. 17.41.1 that the jurors should report a fellow juror who refused to deliberate or expressed an intention to decide the case on an improper basis; (3) the court erred in imposing the Penal Code section 12022.7 enhancements; and (4) the court erred in awarding just 15 percent of Beltran's presentence custody credits under Penal Code section 2933.1.

DISCUSSION

1., 2.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 693.

### 3. Bodily Injury Enhancements

■ Penal Code section 12022.7[2] imposes mandatory sentence enhancements for crimes which resulted in the infliction of great bodily injury. Relevant here are subdivisions (c) and (f). Subdivision (c) states: "(c) Any person who personally inflicts great bodily injury on another person who is 70 years of age or older other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of five years, *unless infliction of great bodily injury is an element of the offense of which he or she is convicted.*" (Italics added.) Subdivision (f) states, in relevant part: "(f) This section shall not apply to murder or manslaughter or a violation of Sections 451 or 452. . . ."[3]

Under section 12022.7, subdivision (f) the enhancements could not be based on Beltran's count 3 conviction of vehicular manslaughter. The only basis for the enhancements is the count 1 conviction of evading a peace officer under Vehicle Code section 2800.3. Under Vehicle Code section 2800.1, anyone who intentionally evades a pursuing peace officer while driving a motor vehicle is guilty of a misdemeanor. Vehicle Code section 2800.3 elevates the offense to a felony whenever the attempt to elude a peace officer "proximately causes death or serious bodily injury to any person . . . ." Vehicle Code section 2800.3 defines "serious bodily injury" to have the same meaning as that set forth in section 243. The term "Serious bodily injury" "means a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement." (§ 243, subd. (f)(4).)

The terms "serious bodily injury" in section 243 and "great bodily injury" in section 12022.7 have substantially the same meaning. (*People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375 [19 Cal.Rptr.2d 434] (hereafter *Hawkins*).) The appellant in *Hawkins* was convicted of battery which resulted in serious bodily injury under section 243, subdivision (d). The court also imposed an enhancement under section 12022.7.[4] Since great bodily injury was an element of section 243, subdivision (d), the court reversed the

---

[2]All further statutory references are to the Penal Code unless otherwise indicated.
[3]Sections 451 and 452 relate to arson and unlawfully causing a fire.
[4]At the time, section 12022.7 provided, in relevant part: "Any person who, with the intent to inflict such injury, personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall . . . be punished by an additional term of three years, unless infliction of great bodily injury is an element of the

judgment to the extent it imposed the section 12022.7 enhancement. Because the infliction of serious or great bodily injury is an element of the felony crime of evading a pursuing peace officer (Veh. Code, § 2800.3), Beltran contends the court erred by enhancing his sentence under section 12022.7.

While respondent acknowledges that *Hawkins* defined "great bodily injury" and "serious bodily injury" as having the same meaning, it does not discuss or distinguish that decision. Instead, respondent contends the enhancement was proper under *People v. Sainz* (1999) 74 Cal.App.4th 565 [88 Cal.Rptr.2d 203] (hereafter *Sainz*). As we discuss below, *Sainz* is inapplicable.

The appellant in *Sainz* was convicted of driving while intoxicated, causing great bodily injury. (Veh. Code, § 23153, subd. (b), former § 23180.) The court also enhanced the sentence under section 12022.7. Appellant contended that Vehicle Code section 23190 provided the exclusive, specific statutory scheme for punishing intoxicated drivers who caused great injury to others. Under principles of statutory construction, the court held the rule which permits a specific statute to trump a similar but general statute did not apply because the elements required to enhance a sentence under section 12022.7 did not perfectly mirror those necessary to convict under Vehicle Code section 23153. (*Sainz, supra,* 74 Cal.App.4th at pp. 570-572.) Regardless of the specific versus general statute rule, the court also held that the Legislature's limited specification of crimes exempt from section 12022.7— murder, manslaughter, and arson—showed an intent to apply that section broadly. (74 Cal.App.4th at pp. 572-574.)

The *Sainz* court did not consider or discuss the other specified exception to section 12022.7—for crimes where the infliction of great bodily injury was an element of the offense. The issue here is not one of specific versus general statutes. The issue is whether infliction of great bodily injury is an element of the felony offense of evading a pursuing peace officer. It is. In order to qualify as a felony, the defendant's evasive conduct must have caused "death or serious bodily injury . . . ." (Veh. Code, § 2800.3.) Accordingly, the court erred in imposing the section 12022.7 enhancements.[5]

---

offense of which he is convicted. [¶] As used in this section, great bodily injury means a significant or substantial physical injury." (See Historical and Statutory Notes, 51D West's Ann. Pen. Code (2000 ed.) foll. § 12022.7, pp. 191-192.)

[5]Respondent contends, without discussion, citation to authority or citation to the record, that Beltran "conceded" the issue below and has therefore waived it. As a result, we deem the waiver issue waived. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 [46 Cal.Rptr.2d 119]; *People v. Sangani* (1994) 22 Cal.App.4th 1120, 1135-1136 [28 Cal.Rptr.2d 158].) Even if Beltran waived the issue below, we exercise our discretion to

4. *Custody Credits**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

For the reasons set forth above, the judgment is reversed only to the extent it imposed enhancements under section 12022.7 and limited Beltran's presentence custody credits under section 2933.1. In all other respects, the judgment is affirmed. The matter is remanded for resentencing in accordance with this decision.

Armstrong, J., concurred.

**TURNER, P. J.,** Concurring.—I concur in my colleagues' analysis except in one narrow respect. I respectfully disagree with the analysis in footnote 5 which holds that defendant has waived the issue of the sufficiency of the evidence to permit him to have been found to have inflicted great bodily injury in the meaning of Penal Code section 12022.7. In my view, this is a sufficiency of the evidence issue and nothing more. Defendant contends that he could not have been found to have inflicted great bodily injury within the meaning of Penal Code section 12022.7. "Great bodily injury" within the meaning of Penal Code section 12022.7 is exactly the same as "serious bodily injury" as defined by Vehicle Code section 2800.3 and Penal Code section 243, subdivision (f)(4). Penal Code section 12022.7, subdivision (c) prohibits the imposition of the additional five-year term because the principal offense is one which has great bodily injury as an element. This is a sufficiency of the evidence issue, which is never waived.

---

consider it on appeal in order to forestall a later claim of ineffectiveness of trial counsel. (*People v. DeJesus* (1995) 38 Cal.App.4th 1, 27 [44 Cal.Rptr.2d 796].)

*See footnote, *ante*, page 693.