Filed 1/28/14  P. v. Ware CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCUS LEROY WARE,<br><br>    Defendant and Appellant. | B246050<br><br>(Los Angeles County<br>Super. Ct. No. BA393397) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  John S. Fisher, Judge.  Affirmed and remanded for resentencing.

Esther K. Hong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General and Susan Sullivan Pithey, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Marcus Leroy Ware appeals from the judgment entered upon his conviction by jury of battery with serious bodily injury (Pen. Code, § 243, subd. (d), count 1),[1] and assault with a deadly weapon (§ 245, subd. (a)(1), count 2). As to the assault count, the jury found true the allegation that he personally inflicted great bodily injury (§ 12022.7, subd. (a)). In a bifurcated proceeding, appellant admitted a prior conviction of a serious or violent felony (§§ 1170.12, subds. (a)-(d); 667, subds. (a)(1), (b)-(i); 667.5, subd. (b)).

The trial court sentenced appellant to a total term of 16 years in state prison. On count 1, the trial court imposed the upper term of four years doubled pursuant to the "Three Strikes" Law, plus three years pursuant to section 12022.7, subdivision (a), plus five years for appellant's prior conviction pursuant to section 667, subdivision (a). On count 2, the trial court imposed the midterm of three years to be served concurrently with the count 1 term, and imposed but stayed the section 12022.7 sentence pursuant to section 654. The trial court awarded appellant 378 days of presentence custody credit.

Appellant contends the great bodily injury enhancement on count 1 should be stricken, and the sentence on count 2 should be stayed pursuant to section 654.

The section 12022.7, subdivision (a) enhancement on count 1 must be stricken and the matter remanded for resentencing consistent with this opinion. We otherwise affirm the judgment.

## FACTS

Shortly before noon on January 16, 2012, David Smith and Virgil Spencer went to a liquor store on 4th Avenue and Venice Boulevard. While they were inside the liquor store, appellant entered the store carrying a thick stick, approximately two feet in length. Appellant was Spencer's nephew by marriage and had threatened Spencer in the past. Appellant approached Spencer and said, "What's up, mother fucker? What's up now? This is 60's. This is 60's." Spencer understood the term "60's" to refer to a gang. Smith jumped between appellant and Spencer and told appellant to "back it off." Appellant

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

walked out of the store.  Smith and Spencer left the store after they completed their purchase.

When Smith and Spencer went outside the liquor store, Smith saw appellant "standing in front of the middle of the street with his stick still in his hand."  Appellant was "being aggressive with the stick" and Smith told him to put it down.  Smith and Spencer crossed the street at a crosswalk.  Spencer felt a pop, like something struck him on the left side of the head and fell to the ground.  Spencer was "dazed" and lost consciousness for "at least three, four minutes."  While Spencer was on the ground, appellant kicked him in the face and a lot of blood gushed from Spencer's eye.  Smith grabbed appellant and pulled him away from Spencer.  Appellant walked to his car, which was parked nearby, and drove away.  Spencer regained consciousness and got up. He rested for a few moments and then walked home.

On January 18, 2012, Spencer sought treatment at UCLA Medical Plaza because he could not see and was having trouble breathing.  He had a fractured eye orbit and a broken nose and underwent emergency surgery that day.  Spencer no longer has 20-20 vision in his left eye and will always have sinus problems.

## DISCUSSION

### I.      Great Bodily Injury Enhancement on Count 1

Appellant contends the great bodily injury enhancement was erroneously imposed on his sentence for battery.  He requests we strike the enhancement and reduce his sentence on count 1 by three years.  The People agree the enhancement did not apply but request that we remand the case for resentencing.  Section 12022.7, subdivision (a), provides a three-year enhancement for personal infliction of great bodily injury during the commission of a felony.  We agree with appellant that the enhancement should have been stricken because of the limitations expressed in section 12022.7, subdivision (g), but agree with the People that remand is appropriate in this case.

Battery is punishable as a felony under section 243, subdivision (d), when "serious bodily injury is inflicted" upon the victim.  The statute defines "serious bodily injury" as

3

"a serious impairment of physical condition" and provides a list of qualifying injuries. (§ 243, subd. (f)(4).) For purposes of section 12022.7, subdivision (f), "'great bodily injury' means a significant or substantial physical injury." However, subdivision (g) of section 12022.7 states the enhancement "shall not apply if infliction of great bodily injury is an element of the offense."

California courts have found the terms "serious bodily injury" and "great bodily injury" to be essentially synonymous. (See, e.g., *People v. Sloan* (2007) 42 Cal.4th 110, 117 ["'"[s]erious bodily injury" is the essential equivalent of "great bodily injury"'"]; *People v. Beltran* (2000) 82 Cal.App.4th 693, 696 ["The terms . . . have substantially the same meaning"].) As this division observed in *People v. Hawkins* (1993) 15 Cal.App.4th 1373, "great bodily injury, as defined in section 12022.7, is an element of the crime of battery under section 243, subdivision (d)." (*Id.* at p. 1376.) It follows, therefore, that subdivision (g) of section 12022.7 precludes application of the enhancement to a section 243 conviction for battery resulting in serious bodily injury.

Contrary to appellant's claim, the record does not unequivocally show "the trial court's intent to only impose the maximum sentence on Count 1, and to impose a lesser sentence on Count 2." It is unclear if the trial court would have selected count 1 as the principal term had it realized the 12022.7 enhancement was not applicable. Therefore, we will remand the matter for resentencing.

## II.     Section 654

After denying appellant's *Romero*[2] motion, the trial court sentenced appellant to a total of 16 years in state prison on count 1. Turning to count 2, the trial court imposed a three-year concurrent sentence.

Appellant contends that the trial court was required by section 654 to stay the term imposed on count 2 for assault with a deadly weapon. He argues that the acts comprising counts 1 and 2 "arose from a single indivisible course of conduct." We disagree.

---

[2]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

4

Penal Code section 654 provides in pertinent part:  "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

Section 654 protects against multiple punishment rather than multiple conviction. (*People v. Harrison* (1989) 48 Cal.3d 321, 335 (*Harrison*).)  A defendant thus may not be punished for two separate crimes which arise either out of a single act or out of an indivisible transaction.  The indivisibility or divisibility of criminal conduct depends upon whether the defendant has a single or separate criminal objective.  (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208; *Harrison, supra,* at p. 335.)  That is, "if all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once."  (*Harrison, supra,* at p. 335.)

If, on the other hand, "the [defendant] entertained multiple criminal objectives which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct."  (*People v. Beamon* (1973) 8 Cal.3d 625, 639.)

Whether multiple convictions were part of an indivisible transaction is primarily a question of fact.  (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1583.)  We review such a finding under the substantial evidence test.  (*People v. Osband* (1996) 13 Cal.4th 622, 730–731.)

We conclude that substantial evidence supported the trial court's implied finding that appellant's two attacks entailed separate and distinct actions and that section 654 was inapplicable.  Appellant first attacked Spencer by striking him on the side of the head with either the stick he was carrying or with his fist.  This caused appellant to lose consciousness and fall to the ground.  The second attack occurred sometime during the three or four minutes Spencer was on the ground and consisted of the kick to the face

5

which fractured Spencer's eye orbit and broke his nose. The trial court gave the unanimity instruction (CALCRIM No. 3500) to the jury with respect to count 2 because both of appellant's separate acts justified a conviction for assault with a deadly weapon. (See *People v. Russo* (2001) 25 Cal.4th 1124, 1132 ["cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act"].)

Even if appellant's offenses are seen as a continuous course of conduct, however, the crimes he committed are not indivisible. In *Harrison, supra,* 48 Cal.3d at page 335, our Supreme Court explained in connection with section 654, subdivision (a): "[B]ecause the statute is intended to ensure that defendant is punished 'commensurate with his culpability' [citation], its protection has been extended to cases in which there are several offenses committed during 'a course of conduct deemed to be indivisible in time.' [Citation.] [¶] It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible."

Substantial evidence supported the trial court's implied finding that appellant held separate objectives in the battery of Spencer and in the assault with a deadly weapon. In *People v. Nubla* (1999) 74 Cal.App.4th 719, the defendant committed several acts of violence against his wife, and the sentencing court imposed multiple sentences for assault and corporal injury on a spouse. *Nubla* held that section 654 did not apply because the offenses were "somewhat analogous to sex offenses in that several similar but separate assaults occurred over a period of time." (*People v. Nubla, supra,* at p. 730.) *Nubla* stated that just as "each sexual assault may be viewed as a separately punishable criminal act, notwithstanding that all the offenses arguably were done to obtain sexual gratification," (*ibid.*) because "'"[n]one of the sex offenses was committed as a means of committing any other, none facilitated commission of any other, and none was incidental" to any other,'" (*id.* at p. 731) the defendant's separate assaults were not done to facilitate each other and were not incidental to each other. Accordingly, "[t]he trial

6

court was entitled to conclude that each act was separate for purposes of . . . section 654." (*Ibid.*)

"[A]t some point the means to achieve an objective may become so extreme they can no longer be termed 'incidental' and must be considered to express a different and a more sinister goal than mere successful commission of the original crime. . . . [¶] . . . [¶] . . . [S]ection [654] cannot, and should not, be stretched to cover gratuitous violence or other criminal acts far beyond those reasonably necessary to accomplish the original offense." (*People v. Nguyen* (1988) 204 Cal.App.3d 181, 191.) Given the distinct nature of the two attacks and in keeping with the purpose of section 654 to ensure that punishment is commensurate with a defendant's criminal culpability, the trial court was entitled to conclude that each crime was separate, was not committed as a means of committing and facilitating any other, and was not incidental to each other.

## DISPOSITION

The three-year great bodily injury enhancement under section 12022.7, subdivision (a) on count 1 is stricken and the matter is remanded for resentencing. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J. *
                FERNS

We concur:


_____, P. J.
        BOREN


_____, J.
        ASHMANN-GERST

_____

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7